UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| JD WINDDOWN, LLC § <br> DJC HOLDINGS, LLC § <br> DOUG MOORE, § <br>     *Plaintiffs,* § <br> § <br> v. § <br> § <br> THE CINCINNATI CASUALTY COMPANY, § <br> THE CINCINNATI INSURANCE COMPANY, § <br> PAUL R. WHITE & COMPANY, INC. and § <br> CHRISTOPHER WHITE § <br>     *Defendants* § | Civil Action No: 4:17-cv-1825 |

## NOTICE OF REMOVAL BY DEFENDANTS THE CINCINNATI CASUALTY COMPANY AND THE CINCINNATI INSURANCE COMPANY

TO THE HONORABLE JUDGE OF SAID COURT:

Defendants, The Cincinnati Casualty Company and The Cincinnati Insurance Company ("Cincinnati") file this Notice of Removal pursuant to 28 U.S.C. § 1441, *et seq.*, as follows:

### Commencement and Service

1. This is a commercial property insurance coverage dispute. On May 16, 2017, Plaintiffs filed an action styled Cause No. 2017-32786, *JD Winddown, LLC, DJC Holdings, LLC and Doug Moore v. The Cincinnati Casualty Company, The Cincinnati Insurance Company, Paul R. White & Company, Inc. and Christopher White,* in the 11th Judicial District Court of Harris County, Texas.

2. The Petition was served on Defendants, The Cincinnati Casualty Company and The Cincinnati Insurance Company via certified mail on May 22, 2017. This Notice of Removal is filed within 30 days of the receipt of such service and is, therefore, timely under 28 U.S.C. § 1446(b).

**Grounds for Removal**

3.     This action is removable because there is complete diversity of citizenship between the plaintiff and the parties properly joined as defendants, and because damages alleged are in excess of $75,000.00. Accordingly, this matter is within the original jurisdiction conferred on this Court pursuant to 28 U.S.C. § 1332.

**Diversity of Citizenship**

4.     The Petition names four defendants. The first named defendant is The Cincinnati Casualty Company. The Cincinnati Casualty Company is an insurance company formed under the laws of the State of Ohio, with its principal place of business at 6200 S. Gilmore Road, Fairfield, Ohio 45014-5141. Therefore, pursuant to 28 U.S.C. § 1332(c)(1), The Cincinnati Casualty Company is a citizen of Ohio.

5.     The second named defendant is The Cincinnati Insurance Company. The Cincinnati Insurance Company is an insurance company formed under the laws of the State of Ohio, with its principal place of business at 6200 S. Gilmore Road, Fairfield, Ohio 45014-5141. Therefore, pursuant to 28 U.S.C. § 1332(c)(1), The Cincinnati Insurance Company is a citizen of Ohio.

6.     The third named defendant is Paul R. White & Company, Inc., a Texas Corporation doing business in the State of Texas. Paul R. White & Company, Inc. has been fraudulently joined as a defendant. The plaintiffs are unable to establish a cause of action against Paul R. White & Company, Inc. under the facts of this case. It is asserted that Paul R. White & Company, Inc. has been joined solely for the purpose of defeating removal.

7. The fourth named defendant is Christopher White, an individual residing in Harris County, Texas. The plaintiffs are unable to establish a cause of action against Christopher White under the facts of this case. It is asserted that Christopher White has been joined solely for the purpose of defeating removal.

8. Plaintiffs, JD Winddown, LLC, DJC Holdings, LLC and Doug Moore are domestic Limited Liability Companies and an individual that owns the property that is the subject of this lawsuit and is situated in Smith County, Texas.

### Defendants Paul R. White & Company, Inc. and Christopher White Have Been Improperly Joined

9. The failure to specify a legal and factual basis for a claim against a non-diverse party constitutes a failure to state a claim and results in fraudulent or improper joinder of that party. *Waters v. State Farm Mut. Auto. Ins. Co.,* 158 F.R.D. 107, 109 (S.D. Tex. 1994). Here, Plaintiffs assert generic claims against Paul R. White & Company, Inc. and Christopher White for violations of the Texas Insurance Code and Texas Deceptive Trade Practices Act. *See* Plaintiffs' Original Petition at ¶¶ 22 through 61. These are the same generic claims and conclusory statements that that are frequently asserted by policy-holders, including these same policy-holders, in insurance claim lawsuits and they have no specific bearing on this case. Based on Plaintiffs' generic pleading, there is no basis for predicting that Plaintiffs might be able to establish liability against Paul R. White & Company, Inc. and Christopher White because no real facts relating to them giving rise to a cause of action have been set forth. Plaintiffs' claims against Paul R. White & Company, Inc. and Christopher White consist merely of labels, conclusions, and formulaic recitations of the elements of causes of action. *See Bell Atlantic*

*Corp. v. Twombly,* 550 U.S. 554, 127 S. Ct. 1955, 1964-65 (2007); *see also Ashcroft v. Iqbal,* 556 U.S. 662, 129 S. Ct. 1937, 1945 (2009).

10. As such, Plaintiffs cannot "establish a cause of action against Paul R. White & Company, Inc. and Christopher White in state court," and Plaintiffs' Original Petition evidences the badges of improper joinder. *Travis v. Irby,* 326 F.3d 644, 647 (5th Cir. 2003) (citing *Griggs v. State Farm Lloyds,* 181 F.3d 694, 698 (5th Cir. 1999)); *see also TAJ Properties, LLC v. Zurich American Ins. Co.,* Civil Action No. H-10-2512, 2010 U.S. Dist. LEXIS 125357, at *2 (S.D. Tex. Nov. 29, 2010). Because there is no reasonable basis for this Court to predict that Plaintiffs might be able to recover against Paul R. White & Company, Inc. and Christopher White and because no reasonable person could believe that Plaintiffs have identified an actionable claim against them based on the allegations contained in the Original Petition, Paul R. White & Company, Inc. and Christopher White's presence should be disregarded in determining diversity jurisdiction.

## Amount in Controversy

11. In its Petition, Plaintiffs assert it seeks relief over $200,000. *See* Petition ¶ 7. The Petition seeks the recovery of alleged damages from Cincinnati, as well as exemplary damages, interest, and attorneys' fees. *See* Petition ¶¶ 57 through 63. Based on Plaintiffs' description of its claim, the amount at issue, exclusive of costs and interest, exceeds the minimum for removal.

12. Subject to transfer, venue is proper in this district and division under 28 U.S.C. §1441(a) because the state court suit in which this case is currently pending is located in this district and division.

13. Defendants have given or are in the process of giving notice of the filing of this Notice of Removal to the State Court and to Plaintiffs.

14. All defendants consent to this removal.

15. Pursuant to 28 U.S.C. §1446(a), the following documents are being filed simultaneously and as exhibits to this notice of removal:

(1) Index of Documents Filed;

(2) Copy of State Court Docket Sheet;

(3) All documents filed in State Court;

(4) Certificate of Interested Persons;

(5) Civil Cover Sheet.

WHEREFORE, The Cincinnati Casualty Company and The Cincinnati Insurance Company respectfully request that this Court remove this action from the 11th Judicial District Court of Harris County, Texas to the United States District Court for the Southern District of Texas, Houston Division.

Respectfully submitted,

**EGGLESTON & BRISCOE, LLP**
333 Clay Street, Suite 4800
Houston, Texas 77002
(713) 659-5100
(713) 951-9920 facsimile

*By: /s/ W. Montgomery Briscoe*
W. Montgomery Briscoe
Federal ID 7004
State Bar No. 03014500
wmb@egglestonbriscoe.com

ATTORNEYS FOR DEFENDANTS

## **CERTIFICATE OF SERVICE**

 I certify that a true and correct copy of the foregoing was served in accordance with the FEDERAL RULES OF CIVIL PROCEDURE on this the 15th day of June 2017, to:

Matthew J. Worrall
**WORRALL LAW GROUP, PLLC**
1770 St. James Place, Suite 100
Houston, Texas 77056
*Facsimile: (713) 583-3411*
Email: mworralllaw.com

                */s/ W. Montgomery Briscoe*
                W. Montgomery Briscoe